IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE DAVIS WIGHT,

        Plaintiff,                No. CIV S 06-0228 GEB KJM PS

        vs.

SOCIAL SECURITY ADMINISTRATION, et al.,

        Defendants.             ORDER

_____/

       Defendants' motions for summary judgment and sanctions came on regularly for hearing July 26, 2006.  Plaintiff appeared in propria persona.  Yoshinori Himel appeared for defendant.  Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendants move for summary judgment.  Plaintiff has not opposed the motion but in a document filed July 10, 2006 requests that this action be dismissed with prejudice.  That request shall be honored.

        Defendants also move for sanctions under Federal Rule of Civil Procedure 11.  Plaintiff does not dispute the statement of facts set forth in defendants' motion.  Although it appears there were procedural irregularities in connection with plaintiff's attempts to exhaust his administrative remedies with respect to his FOIA request for copies of a notice of levy and a

1   statement of amounts withheld, the court finds the filing of the initial complaint in this action is

2   not sanctionable under Rule 11.  However, plaintiff then filed an amended complaint in which

3   plaintiff sought a nonexistent document that was not the subject of a prior FOIA request.  In light

4   of plaintiff's receipt of the documents requested under FOIA that were the subject of the original

5   complaint and the information provided to plaintiff by defense counsel after the amended

6   complaint was filed, the court finds plaintiff's continued maintenance of the instant action was

7   frivolous.  Moreover, plaintiff's moving for an award of attorneys' fees after he requested

8   dismissal with prejudice was frivolous inasmuch as plaintiff is proceeding pro se and has not

9   demonstrated that he is the prevailing party.  5 U.S.C. § 552(a)(4)(E); Kay v. Ehrler, 499 U.S.

10   432, 434-35 (1991) (citing Falcone v. IRS, 714 F.2d 646 (6th Cir. 1983) for proposition that pro

11   se FOIA plaintiff not entitled to attorneys' fees); see also docket nos. 14 (plaintiff requested

12   $2,240.00 in legal and other costs) & 18 (plaintiff based claim for fees on valuation of his time at

13   $200 per hour).  Plaintiff therefore will be admonished regarding his failure to conduct

14   reasonable inquiry into the law.  See Federal Rule of Civil Procedure 11(b)(2).

15            Accordingly, IT IS HEREBY ORDERED that:

16            1.  This action is dismissed with prejudice.

17            2.  Plaintiff is admonished under Federal Rule of Civil Procedure 11 for

18   maintaining a frivolous action on the amended complaint and for filing a frivolous motion for

19   attorneys' fees.

20   DATED: September 28, 2006.

21

22                                                   _____
                                                     UNITED STATES MAGISTRATE JUDGE
23

24

25   006
     wight.oah
26